UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LORI KALERGIS,

       Plaintiff,

v.                                                          Case No. 6:24-cv-743-JA-DCI

HOME DEPOT USA, INC.,

       Defendant.

_____

### ORDER

This case is before the Court on review of the Notice of Removal (Doc. 1).

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Plaintiff, Lori Kalergis, filed this negligence action in state court. Defendant, Home Depot U.S.A., Inc., then removed it to this Court, relying on diversity of citizenship as the basis for this Court's subject-matter jurisdiction. (Doc. 1). Home Depot, as the party invoking this Court's jurisdiction through

removal, bears the burden of establishing that subject-matter jurisdiction exists. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). Although Home Depot has established that it is a citizen of Delaware and Georgia, it has not sufficiently alleged Kalergis's citizenship or the amount in controversy to support diversity jurisdiction.

In attempting to assert Kalergis's citizenship, Home Depot states that "[u]pon information and belief, Plaintiff is and has been at all times material hereto a resident of Canada and/or Osceola County, Florida." (Doc. 1 ¶ 9). But as Home Depot acknowledges, (*see* Doc. 1 ¶ 10), residence is not equivalent to citizenship, and "[a]llegations premised only on 'information and belief' are . . . insufficient to establish the citizenship of [a party] as necessary to invoke this Court's subject matter jurisdiction," *Tavares v. Pelican Int'l, Inc.*, Case No. 3:22-cv-554-MMH-MCR, 2022 WL 1619172, at *1 (M.D. Fla. May 23, 2022). And of course, Home Depot's "and/or" allegations cannot establish the place of Kalergis's domicile in any event.

Home Depot also states in the Notice of Removal that "[t]here are no allegations in Plaintiff's Complaint that the Plaintiff is a citizen of Delaware or Georgia." (Doc. 1 ¶ 14). Through this assertion, Defendant appears to be trying to establish diversity by negatively alleging Plaintiff's citizenship. But "negative pleading of citizenship is inadequate to establish this Court's subject

matter jurisdiction." *Linstol USA, LLC v. Midway Advanced Prods., LLC*, Case No. 2:18-cv-669-FtM-38UAM, 2019 WL 1014399, at *1 (M.D. Fla. Mar. 4, 2019); *accord Cruz v. Burlington Coat Factory Warehouse Corp.*, Case No. CV422-167, 2023 WL 22026, at *2 (S.D. Ga. Jan. 3, 2023) ("A negative allegation of citizenship . . . is insufficient." (quoting *Doc Watson Enters., LLC v. LexisNexis Claims Sols., Inc.*, No. 1:17-CV-2421-AT, 2017 WL 1167763, at *1 (N.D. Ga. Oct. 4, 2017))).

Nor has Home Depot sufficiently alleged that the amount in controversy "exceeds the sum or value of $75,000" as required for diversity jurisdiction to exist. *See* 28 U.S.C. § 1332(a). As Home Depot notes, Kalergis did not plead a specific amount of damages in the Amended Complaint, (*see* Doc. 1 ¶ 15), and in attempting to show that the requisite amount is in controversy Home Depot only vaguely refers to "discovery responses recently received" and Kalergis's deposition testimony, (*id.* ¶ 17). Home Depot alleges that Kalergis has furnished it with "Canadian tax documents" showing her pre-injury income in support of her claim for lost wages and contends that "[t]hese amounts alone . . . exceed the jurisdictional threshold." (*Id.*). But Home Depot has not provided any information about what "these amounts" are. Thus, it is not possible for the Court to determine if the amount in controversy exceeds $75,000.

Accordingly, it is **ORDERED** that **no later than May 10, 2024,** Defendant shall file an amended notice of removal that establishes both that the parties are diverse and that the amount in controversy exceeds $75,000.

**DONE** and **ORDERED** in Orlando, Florida, on April 2  , 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

4